# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SYNOVUS BANK, as successor by merger to Global One Financial, Inc., <br><br> Plaintiff, <br><br> v. <br><br> LONNIE D. SLOAN, as Trustee for the Frederick D. Harris Irrevocable Trust dated November 1, 1996, and DR. FREDERICK D. HARRIS, individually, <br><br> Defendants. | 1:17-cv-2635-WSD |

## OPINION AND ORDER

On July 17, 2017, Plaintiff Synovus Bank ("Plaintiff") filed its First Amended Complaint [4] ("Amended Complaint").

The Amended Complaint asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Am. Compl. ¶ 15). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible

stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). In this case, the Amended Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).

Plaintiff's Amended Complaint does not adequately allege diversity jurisdiction because it fails to identify the citizenship of any party in this case. The Amended Complaint asserts that "Plaintiff is a state-chartered bank organized under the laws of the State of Georgia and is a wholly-owned subsidiary of

Synovus Financial Corp., a Georgia corporation and bank holding company." (Am. Compl. ¶ 4). This is insufficient because "[a] state chartered bank is a citizen not only of the state in which it is incorporated, but also of the state where its principal place of business is located." Goines v. Barclays Capital Real Estate, Inc., No. 12-cv-08656, 2012 WL 12888690, at *3 (C.D. Cal. Oct. 29, 2012); see OneWest Bank, N.A. v. Melina, 827 F.3d 214, 220 (2d Cir. 2016) ("[A] state-chartered corporation—which includes state-chartered banks—is a citizen of both the state of incorporation and the state of its principal place of business."); Thompson v. SunTrust Mortg., Inc., No. 1:15-cv-1348, 2015 WL 11622447, at *1 (N.D. Ga. July 17, 2015).

The Amended Complaint alleges that Defendant Dr. Frederick D. Harris ("Harris") "is an individual resident of the state of Ohio." (Am. Compl. ¶ 9). This is insufficient because "[r]esidence alone is not enough" to establish citizenship. Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013). For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

The Amended Complaint alleges that Defendant Lonnie D. Sloan ("Sloan"), trustee for the Frederick D. Harris Irrevocable Trust, "may be served at the Trust address at 55 East Juniper Lane, Moreland Hills, Ohio 44022" and "may also be served at 85 Sterncrest Drive, Moreland Hills, Ohio 44022, or upon information and belief, at his personal residence at 4532 Saint Germain Boulevard, Cleveland, Ohio 44128-6206." (Am. Compl. ¶¶ 7-8). "[W]hen a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes." Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012, 1016 (2016); LMP Ninth St. Real Estate, LLC v. U.S. Bank Nat'l Ass'n, No. 8:16-cv-2463, 2016 WL 6068302, at *3 (M.D. Fla. Oct. 17, 2016) ("As U.S. Bank is being sued in its own name as trustee of a traditional trust, U.S. Bank's citizenship is determinative for diversity purposes."); cf. Bynane v. Bank of New York Mellon, ___ F.3d ___, 2017 WL 3304047, at *3-4 (5th Cir. Aug. 3, 2017). Plaintiff's allegations that Sloan resides and can be served in Ohio are insufficient because, for the purposes of diversity jurisdiction, an individual is a citizen of the state in which he resides *and* intends to remain indefinitely. "Residence alone is not enough." Travaglio, 735 F.3d at 1269.

Plaintiff is required to file an amended complaint properly alleging the citizenship of the parties in this case. Unless Plaintiff does so, the Court must

dismiss this action for lack of subject matter jurisdiction. See Travaglio, 735 F.3d at 1268-69 (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction).[1]

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff shall file, on or before September 12, 2017, an amended complaint properly alleging the citizenship of the parties in this case. Failure to do so will result in dismissal of this action.

**SO ORDERED** this 30th day of August, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff, in its forthcoming amended complaint, should clearly show that Defendant Sloan, as trustee, "possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others" and that his "control over the assets held in [his] name is real and substantial." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 465 (1980); see Bynane, 2017 WL 3304047, at *3 ("Where a trustee has been sued or files suit in her own name, the only preliminary question a court must answer [for purposes of diversity jurisdiction] is whether the party is an active trustee whose control over the assets held in its name is real and substantial.").